UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UMAR SHAHID,                         :
          Plaintiff,                 :
                                     :
v.                                   :          3:21cv849 (KAD)
                                     :
JANE DOE, et al.,                    :
          Defendants.                :

## INITIAL REVIEW ORDER

On June 22, 2021, Omar Shahid, a former Connecticut Department of Correction

("DOC") inmate,[1] commenced this action this *pro se* action pursuant to 42 U.S.C. § 1983.

Compl., ECF No. 1. Shahid alleges an Eighth Amendment deliberate indifference to his medical

needs claim against thirteen employees of the Connecticut Department of Correction ("DOC").[2]

He seeks damages and an injunctive order for DOC to terminate the employment of all

defendants. For the following reasons, the Complaint is dismissed without prejudice.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any

portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

---

[1]  The Court may "take judicial notice of relevant matters of public record." *Sanchez v. RN Debbie*, No. 3:18-CV-1505 (JCH), 2018 WL 5314916, at *2 (D. Conn. Oct. 26, 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The court docket shows Shahid's address as the New Haven Correctional Center. A search for Shahid's inmate number returned no results on the publicly available DOC website at http://www.ctinmateinfo.state.ct.us, Although Shahid no longer has an address within DOC, he has not provided the court with his current address. Shahid was informed that a failure to update the court with his current address could result in dismissal of this action. *See* Order granting IFP status, ECF No. 7.

[2]  Plaintiff has named as defendants: Jane Doe, Director of Health Services Colleen Gallagher, Captain Grandy, Health Services Director Michael Green, Medical Department Supervisor Jones, Ms. or Mr. Richeson, Deputy Commissioner Jane or John Doe, Warden Bryan Viger, Captain Cole, Deputy Warden Alex Smith, District Administrator John Doe, Deputy Warden Joe Roach, Director of Compliance Jane or John Doe. Compl. at pp. 2-5.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.   ALLEGATIONS

The Court considers the allegations of the complaint to be true.

On October 12, 2020, Jane Doe, who was not wearing any identification or medical badge, and who was impersonating medical personnel, attempted to give Shahid medication, which he refused. Compl. at ¶ 1. This event was witnessed by Mr. Hasadova. *Id.* Shahid informed all thirteen defendants of the imposter Jane Doe's misconduct but they took no remedial action. *Id.* at ¶¶ 2-4. Shahid filed inmate requests and Health Services Reviews, but the defendants refused to afford him any remedy or damages. *Id.* at ¶¶ 3-4. Defendant Gallagher told Shahid he would not receive any remedy or damages from his Health Services Reviews. *Id.* at ¶ 6. Shahid filed numerous Health Services Reviews that were never processed, and no remedies were provided. *Id.* at ¶ 7. After Shahid requested DOC to provide remedies, Defendant Grandy refused to process his claims. *Id*,

### III.   DISCUSSION

The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his conditions of confinement are analyzed under the Eighth or Fourteenth Amendments. Claims of pretrial detainees involving deliberate indifference to medical needs or unsafe conditions of confinement are considered under the Due Process Clause of the Fourteenth Amendment, but such claims brought by a sentenced prisoner are considered under the cruel and unusual punishment clause of the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29-34 & n.9 (2d Cir. 2017); *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 717-18 (S.D.N.Y. 2017). As it is unclear whether Shahid was a pretrial detainee or sentenced prisoner at the time relevant to his complaint, the Court will analyze his claims under the more liberal standard of the Fourteenth Amendment Due Process Clause.

To set forth a due process claim under the Fourteenth Amendment for deliberate indifference to health and safety, a plaintiff must allege facts to satisfy two prongs: (1) an "objective prong" showing that the plaintiff's "conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage" to his health and well being, and (2) a "*mens rea* prong" showing that the state actor's conduct amounts to deliberate to that objectively serious risk of harm. *See Darnell*, 849 F. 3d at 29; *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019). To determine whether a plaintiff has a sufficiently serious medical condition to satisfy the objective element, courts consider "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and

substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 701-02 (2d Cir. 1998) (internal quotations omitted).

Relevant to the *mens rea* element, "deliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Charles*, 925 F.3d at 86 (citing *Darnell*, 849 F.3d at 33–34). Under the *mens rea* prong, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. At the same time, "negligence … does not, without more, engender a constitutional claim." *Sanders v. Laplante*, No. 3:19-CV-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019); *see also Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Finally, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (A plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983. "[I]t is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly

4

negligent, in her supervision of the correctional officers or in failing to act on the information she had.").

Here, Plaintiff has not alleged that he had any serious medical condition or that he was exposed to a substantial risk of serious harm. He alleges only that he was offered medicine from an unnamed person who he considered an imposter and so he refused to take the medication. He does not allege that Jane Doe attempted to give him medication that would have harmed him or that she forced him to take medication against his will. Absent any allegations that he suffered from a serious condition or that that he was exposed to a substantial risk of harm as result of Defendant Jane Doe's conduct, the complaint fails to state a plausible claim of Fourteenth Amendment indifference.[3]

### Violation of Administrative Directives and Mishandling of Health Services Review and Inmate Requests

Plaintiff alleges that Defendants have violated the DOC administrative directives and acted with deliberate indifference by mishandling his inmate requests and Health Services Reviews. However, the defendants' failure to comply with prison regulations or administrative directives does not constitute a basis for relief under Section 1983 because "a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983." *Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (citation omitted). Similarly, "inmate grievance programs created by state law are not required by the Constitution, and consequently allegations that prison officials violated those procedures do not give rise to a

---

[3] It is axiomatic that in the absence of such a condition or risk, a defendant cannot know or be deemed to know about same as is required for the second prong of a deliberate indifference claim.

cognizable Section 1983 claim." *Alvarado v. Westchester County*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) (citations, alterations, and quotation marks omitted). "Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly." *Schlosser v. Manuel*, No. 3:19-CV-1444 (SRU), 2020 WL 127700, at \*5 (D. Conn. Jan. 10, 2020) (citing *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies nor 'state statutes ... create federally protected due process entitlements to specific state-mandated procedures'")). The claim premised upon the handling of the Health Service Reviews is DISMISSED with prejudice.

**Official Capacity Claims**

Plaintiff asserts official capacity claims for injunctive orders requiring DOC to terminate the employment of all Defendants. These claims must be dismissed as not plausible because, *inter alia,* Plaintiff has not alleged any ongoing constitutional violation, *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)).[4] Indeed, as noted above the Plaintiff is no longer incarcerated, rendering this request moot as well.

## ORDERS

For the foregoing reasons, the complaint is DISMISSED without prejudice. The Court affords Plaintiff **one opportunity** to file an amended complaint on or before **September 10, 2021** to correct the deficiencies identified with respect to the deliberate indifference claim related

---

[4] Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive relief to address an ongoing or continuing violation of federal law or a threat of a violation of federal law in the future. *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000).

to the administration of medication to him by Jane Doe. Therein, Plaintiff must first allege

whether he was a pretrial detainee or a sentenced prisoner.   Any amended complaint must name

all defendants **in the case caption and include an explanation of their purported role in the**

**constitutional violation.**   Plaintiff is advised that no portion of any prior complaint shall be

incorporated into his amended complaint by reference. Plaintiff is also instructed to provide a

notice to the court updating his address on or before **September 10, 2021**. Failure to file an

amended complaint and a notice to update his current address by **September 10, 2021 shall**

**result in dismissal of this action and the closing of this file.**

    **SO ORDERED** this 11th day of August 2021 at Bridgeport, Connecticut.

                    _____/s/_____
                    Kari A. Dooley
                    United States District Judge

7